# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3889

_____

| | |
|---|---|
| Thuy Thi Thanh Nguyen, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General | * |
| of the United States, | * |
| | * [UNPUBLISHED] |
| Respondent. | * |

_____

Submitted: February 11, 2010
Filed: February 17, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Thuy Thi Thanh Nguyen petitions for review of a decision by the Board of Immigration Appeals (BIA), which affirmed an immigration judge's (IJ's) order of removal and denial of her request for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B). We grant the petition for review and remand to the BIA for further proceedings.

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

In January 1997 Nguyen, a native of Vietnam, and Anthony Ly (Ly), a United States citizen, were married in a church ceremony in Vietnam. In February 1999 Nguyen entered the United States and married Ly in a civil ceremony. In December 1999 the Department of Homeland Security (DHS) granted Nguyen conditional permanent resident (PR) status. Pursuant to 8 U.S.C. § 1186a, Nguyen and Ly were required to file a joint petition for removal of the conditional status within 90 days of the 2-year anniversary of when PR status was first granted. Nguyen and Ly divorced in October 2001, and Nguyen sought a waiver under section 1186a(c)(4) of the joint-filing requirement (a good faith marriage waiver). In 2004 DHS denied Nguyen's waiver request on the ground that she failed to establish that she had married Ly in good faith. DHS charged Nguyen with being removable under 8 U.S.C. § 1227(a)(1)(D) (alien whose conditional PR status is terminated); Nguyen conceded removability on this ground. In 2006, DHS lodged additional removability charges against Nguyen: (1) under 8 U.S.C. § 1227(a)(1)(G)(i) (removable for committing marriage fraud); and (2) under 8 U.S.C. §§ 1227(a)(1)(A) and 1182(a)(6)(C)(i) (inadmissible for having sought or procured immigration benefit by fraud or willful misrepresentation of material fact). Nguyen denied the two additional charges.

In June 2007 the IJ found Nguyen removable on all three charges, and denied her a good faith marriage waiver, because she did not meet her burden of showing a significant commitment to the marriage. The BIA affirmed the IJ's decision, and stated that it did not need to express an opinion as to the merits of the fraud-based charges because Nguyen had conceded removability under section 1227(a)(1)(D)(i). Nguyen petitions for review.

Although we may not review the BIA's ultimate determination as to whether to grant a good faith marriage waiver, see 8 U.S.C. § 1252(a)(2)(B)(ii) (limitations on court's jurisdiction to hear denials of discretionary relief), we have jurisdiction to consider what the legal standard is to show a good faith marriage, and to determine

whether the alien's credited evidence meets that standard. See Ibrahimi v. Holder, 566 F.3d 758, 763-65 (8th Cir. 2009); see also Yohannes v. Holder, 585 F.3d 402, 405-06 (8th Cir. 2009) (where BIA adopts IJ's decision and adds its own reasoning, this court reviews both decisions).

To determine whether Nguyen entered into her marriage in good faith, the central question is whether she intended to establish a life with Ly at the time they were married. See Ibrahimi, 566 F.3d at 764-65 (legal standard); Cho v. Gonzales, 404 F.3d 96, 102 (1st Cir. 2005) (same). We conclude the credited evidence here meets the legal standard for good faith. Nguyen testified that Ly had wooed her and she fell in love with him; that their parents had met to discuss marriage; and that after the wedding and honeymoon in Vietnam, she went to live with Ly's mother, and he returned to the United States. She also testified that after she came to the United States, she and Ly lived together at her brother's home, and that Ly left her for another woman. Nguyen's brother Ky testified that he and others had attended Nguyen's wedding in Vietnam, that he allowed her and Ly to live at his home rent-free because Ly did not make much money, and that Ly had abandoned Nguyen. The former wife of the uncle who had introduced Nguyen to Ly testified regarding the couple's courtship and marriage. Documentary evidence included photographs and videos of the couple's wedding ceremony and wedding banquet in Vietnam, a marriage document from a Catholic church in Vietnam, a marriage certificate issued by the state of Minnesota, a joint tax return, statements from a joint bank account, and a health insurance statement showing joint coverage. Because Nguyen demonstrated that she entered into her marriage in good faith, she is eligible to be considered for a discretionary good faith marriage waiver under section 1186a(c)(4).

We remand to the BIA to determine whether to grant Nguyen a waiver under section 1186a(c)(4), see Cho, 404 F.3d at 104; Damon v. Ashcroft, 360 F.3d 1084, 1089-90 (9th Cir. 2004), and to address the IJ's findings as to the fraud-based grounds

of removability, <u>see</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16-17 (2002) (per curiam); <u>Vente v. Gonzalez</u>, 415 F.3d 296, 302-04 (3d Cir. 2005).

Accordingly, we grant Nguyen's petition for review and we remand to the BIA for further proceedings consistent with this opinion.

_____